1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONNIE BRIGGS,

          Plaintiff,

   v.

ADDENTON BRIAN BAKER, ARRON
CHAPMAN, and BJAMES NIE JULIE,

          Defendants.

No.  C 20-04243 WHA

**ORDER DENYING PLAINTIFF'S
COMPLAINT**

## INTRODUCTION

*Pro se* plaintiff Ronnie Briggs filed a civil rights complaint under 42 U.S.C. 1983 complaining about everything from assault, fabrication of evidence, kidnapping, robbery, and theft while being confined at an unspecified facility.  He is granted leave to proceed in forma pauperis in a separate order.  For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

United States District Court
Northern District of California

Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases.  *See Newsome v. EEOC,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under Section 1915(e)(2)(B)(i) & (ii)); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to Section 1915(e)(2)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming dismissal of 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *West v. Adkins*, 487 U.S. 42, 48 (1988).   At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren*, at 1194.  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  District courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

Plaintiff's complaint is patently deficient in material respects.  *First*, despite great effort and liberal construction in reading the complaint, the Court cannot ascertain neither the precise substance of plaintiff's grievances nor who is allegedly responsible.  The paragraph long complaint, starts with a conclusory one-sentence allegation about being attacked from behind by an individual named "arron [sic]" — without stating that person's full name, official position or place of employment — and then inexplicably alleges, in the same sentence, that "they"— again, without any specificity — started to play games with his police records, calling him a "51/50", and then sending him to jail on a "made up" probation violation, and, finally, that an unspecified property of his was stolen (*See* Dkt. No. 6).

*Secondly*, plaintiff does not allege any facts that would enable the Court to determine whether or not the defendants in this action were operating under color of state law.  While the

complaint names "Addenton Briak Baker," "Arron Chapman," and "BJames Nie Julie" and then makes a notation of "city officials" at the end, it does not state who these individuals are, which city they work for, in what capacity, or any other information that would allow the Court to ascertain whether or not plaintiff's claims against them would be actionable under Section 1983. Indeed, in response to the section in the form-complaint asking him to "provide full name, official position and place of employment," plaintiff just noted a designation of not applicable (*See* Dkt. No. 6).

Accordingly, the complaint does not state sufficient facts which liberally construed would allow the Court to draw the reasonable inference that plaintiff's rights under the Constitution or laws of the United States were violated, or that any such violation was carried out by individuals acting under color of state law.

## CONCLUSION

For these reasons, plaintiff's complaint is DISMISSED without prejudice for failure to state any cognizable claims under Section 1983.

**IT IS SO ORDERED.**

Dated:  August 14, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

3